UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMANDA BEECH individually and
as tutrix, guardian of her in utero child,
BABY JOHN JANE BEECH                                                    PLAINTIFF

VERSUS                                      CIVIL ACTION NO._____

HERCULES DRILLING COMPANY, LLC                              DEFENDANT

## COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION

### (JURY TRIAL REQUESTED)

NOW INTO COURT through undersigned counsel, comes Amanda Beech, individually and as tutrix, guardian of her in utero child, respectfully represents the following:

### JURISDICTION

1. This is a suit brought pursuant to the provisions of the Jones Act, 46 U.S.C. 30104, and general maritime law, with jurisdiction existing pursuant to 28 U.S.C. 1331 (federal question jurisdiction) and/or 28 U.S.C. 1333 (maritime and admiralty jurisdiction).   There is supplementary jurisdiction of any state law claim under 28 U.S.C. 1362.

### PARTIES

2. PLAINTIFF Amanda Beech is a person of full age and majority and the widow of Keith Beech an American seaman. She is  a domiciliary of Jones County, Mississippi.

3. PLAINTIFF AMANDA BEACH AS TUTRIX, GUARDIAN is the mother of an unborn child, Baby John Jane Beech, whose birth is expected in spring 2010.   Baby John Jane Beech is the in utero child of plaintiff Amanda Beech and decedent Keith Beech.

4. DEFENDANT  HERCULES DRILLING COMPANY, LLC ("HERCULES") is a Texas corporation that is authorized to do and doing  business in the State of Louisiana, and

within this District.

## FACTS

5.   At all times pertinent herein, Defendant HERCULES was the owner and operator of the movable jack-up rig M/V HERCULES 101, a vessel in navigation on high seas or on the navigable waters of the United States.   More particularly, the rig M/V HERCULES 101 was located in the navigable waters of the Gulf of Mexico adjacent to the State of Louisiana.

6.   At all times pertinent hereto, Keith Beech, husband of plaintiff Amanda Beech, was a Jones Act seaman assigned as a crew member of the vessel M/V HERCULES 101 and, at all times pertinent hereto, he was aboard the M/V HERCULES 101 and was acting in the course and scope of his employment as described hereinafter.

7.   At all times pertinent hereto, Michael "Mike" Cosenza was employed by HERCULES as the driller aboard the M/V HERCULES 101 and was acting in the course and scope of his employment.   The hierarchy aboard the vessel was such that Mr. Cosenza was the second highest ranking supervisory employee aboard the vessel and, at all times pertinent hereto, Mr. Cosenza was Mr. Beech's immediate supervisor.

8.   At all times pertinent hereto, the crew of the M/V HERCULES 101 was assigned to work fourteen on and seven or fourteen off, and, during the time periods when they were assigned to be "on", they ate, slept, and engaged in recreational activities aboard the vessel without leaving the vessel.   During these time periods, all crew members were considered to be on call, even if they were sleeping or not engaged in any specific assigned task.   During the periods of fourteen on,  the crew members were within the course and scope of their employment whether they were actually engaged in a specific assigned task, were asleep, or were engaged in

2

recreational or personal activity.

9.   Upon information and belief, under procedures established by HERCULES, no gun is permitted aboard HERCULES rigs and, if any contraband item such as a gun is inadvertently brought aboard a vessel, the contraband is to be entrusted to the highest ranking supervisory employee to be secured until the crew member is scheduled to return to shore, at which point the crew member is expected to remove the offending contraband from the vessel.

10.   On or about December 3, 2009,  Mr. Cosenza brought a loaded hand gun aboard the M/V HERCULES 101.   At this point and prior to discovery, it is unclear whether Mr. Cosenza brought the gun deliberately or inadvertently.

11.   Mr. Cosenza did not entrust the gun to the highest ranking supervisory employee for safekeeping.   Instead, on information and belief, he concealed the gun until December 13, 2009.

12.   On December 13, 2009, at the time of the events described hereafter, on information and belief, the highest ranking supervisory employee aboard the M/V HERCULES 101 was asleep.   Mr. Cosenza was awake and on duty,  and was, thus, the highest ranking HERCULES employee who was active aboard the vessel.   He was acting in the course and scope of his employment.

13.   On December 13, 2009, at the time of the events in question here, Mr. Beech was aboard the vessel performing his fourteen days on as a crew member of the vessel.   Upon information and belief, he was not actively on duty but he was "on call."   He was in the course and scope of his employment.

14.   On December 13, 2009, on information and belief, Mr. Beech was in the vessel's television room.   Mr. Cosenza got the contraband loaded hand gun from its place of concealment

3

and carried it to the television room.    It is not clear why Mr. Cosenza brought the hand gun to the television room.   However,  Mr. Cosenza and Mr. Beech had a common interest in guns and, on information and belief, Mr. Cosenza intended to display the gun to Mr. Beech.

15.  Regrettably, the hand gun discharged.    The causes of discharge are unknown to your plaintiff but, on information and belief, Mr. Cosenza fired the hand gun accidentally while attempting to display the hand gun to Mr. Beech.

16.  Mr. Beech was shot and mortally wounded.

17.  Mr. Beech underwent conscious pain and suffering for an undetermined time believed to be no less than fifteen minutes and no more than four hours.    At this point, Mr. Beech died of the bullet wound.   On information and belief, Mr. Beech did not receive any palliative or other medical care during the time between the shooting and his death.

18.  On information and belief, after Mr. Beech's death,  certain Hercules employees agreed on a plan to conceal the truth of Mr. Beech's death.  On information and belief, they entered into this plan for the purpose of protecting HERCULES by preventing or obstructing Mrs. Beech in any effort to assert her legal rights  and/or by concealing the facts of Mr. Beech's death from third parties such as the FBI or Coast Guard. On information and belief, they entered into this plan in the course and scope of their employment as employees of HERCULES.

19.   On further information and belief, these employees took the following steps in an attempt to conceal the truth.

20.  On information and belief, they threw the hand gun which caused Mr. Beech's death overboard.

21.  Days after the shooting, two of these employees informed plaintiff Amanda Beech

4

that her husband's death was the result of horseplay and, specifically, that her husband's death resulted from crew members playing with bullets or striking bullets together.   Their statements included the suggestion that Mr. Beech might have been one of the employees engaged in the horseplay, inaccurately implying that Mr. Beech might have been at fault in causing his own death.   On information and belief, these statements were false and were made with the intention of deceiving plaintiff Amanda Beech and making it more difficult for her to assert claims arising from her husband's death.

## ACTUAL AND CONSTRUCTIVE KNOWLEDGE

22.  Plaintiff would respectfully show that because Mr. Cosenza was a seaman acting in the course and scope of his employment aboard the M/V HERCULES, because Mr. Cosenza was the second highest ranking supervisor aboard the vessel,  because Mr. Cosenza was the highest ranking on duty supervisor at the time of the events in question here, and under all pertinent facts and circumstances,  therefore HERCULES is charged with all knowledge possessed by Mr. Cosenza and is on notice of all information known to Mr. Cosenza.

## VICARIOUS AND DIRECT LIABILITY

23.  Plaintiff would respectfully show that because Mr. Cosenza was a seaman acting in the course and scope of his employment aboard the M/V HERCULES and in part because Mr. Cosenza was the highest ranking on duty supervisor at the time of the events in question here, HERCULES is vicariously or directly liable for the actions of Mr. Cosenza.

24.  Plaintiff would respectfully show, on information and belief, that the persons who disposed of the hand gun and provided inaccurate information to plaintiff concerning her husband's death were acting in the course and scope of their employment with HERCULES such

that Hercules is vicariously liable for their actions.

## FIRST CAUSE OF ACTION: NEGLIGENCE

25. Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

26. HERCULES was negligent in some or all of the following respects:

A. Failing to adequately publicize and enforce the restrictions on bringing firearms aboard its vessels;

B. Failing to adequately publicize and enforce the restrictions requiring the securing of any contraband item which is inadvertently brought aboard its vessels;

C. Failing to conduct reasonable spot checks of crew member belongings to ensure against the presence of dangerous contraband;

D. Bringing a loaded hand gun aboard the vessel;

E. Failing to properly secure the gun after it was brought aboard the vessel;

F. Bringing the gun to the television room when it should have been secured;

G. Failing to maintain proper control of the loaded hand gun after bringing the gun to the television room;

H. Causing or permitting the gun to discharge, mortally wounding Mr. Beech;

I. Allowing firearms onboard Hercules 101;

J. Failing to adhere to safety regulations;

K. Failing to properly instruct personnel on regulations;

L. Failing to properly enforce regulations regarding firearms and safety procedures;

M. Employing personnel in supervisory capacities/positions who neglect to properly carry out safety rules and regulations to the detriment of the safety of other crew members;

N. Failing to provide Keith Beech with a safe place to work;

O. Failing to provide emergency medical attention after the accident;

P. Failing to exercise reasonable care to supervise the behavior of seamen, including Mr. Cosenza;

Q. Failing to exercise reasonable care to secure the gun which resulted in Mr. Beech's death; and

R. All other acts of negligence learned through discovery and to be shown at the trial of this matter.

## SECOND CAUSE OF ACTION: UNSEAWORTHINESS

27. Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

28. HERCULES DRILLING COMPANY, LLC had an absolute and non-delegable duty to provide a safe place to work and a seaworthy vessel to Keith Beech. The vessel M/V HERCULES 101 was unsafe and unseaworthy as a result of any or all of the following conditions:

A. The driller was not reasonably fit for duty in that he was grossly incompetent and/or not properly trained in the areas of safety and company regulations;

B. The presence of an unsecured contraband loaded handgun aboard the vessel rendered the vessel unseaworthy;

C. The vessel was otherwise unseaworthy in respects to be identified through discovery and shown at trial of this matter.

## THIRD CAUSE OF ACTION:  NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

30. On information and belief, by providing inaccurate information concerning her

7

husband's death and by implying or suggesting that her husband might have been guilty of horseplay resulting in his own death,  defendant's employees, acting in the course and scope of their employment, negligently or intentionally made wrongful statements when they were substantially certain that these actions would cause severe mental anguish and emotional distress to plaintiff, constituting negligent or intentional infliction of emotional distress.

## FOURTH CAUSE OF ACTION: INTENTIONAL SPOLIATION OF EVIDENCE

31.  Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

32.  On information and belief, by disposing of the hand gun involved in her husband' death, defendant's employees, acting in the course and scope of their employment, intentionally destroyed or spoliated evidence which is relevant to plaintiff's claim.

## FIFTH CAUSE OF ACTION: CONSPIRACY TO COMMIT FRAUD

33.  Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

34.  On information and belief, by providing inaccurate information to plaintiff after defendants had in fact learned the truth  and/or by disposing of the hand gun involved in her husband's death, defendant's employees, acting in the course and scope of their employment, engaged in a conspiracy to commit fraud against plaintiff.

## CAUSATION AND DAMAGES

35.  Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

36.  As a direct and proximate cause of the fault of defendant's employees and/or the

unseaworthiness of the M/V HERCULES 101, plaintiff has sustained the following injuries and

damages:

> A. Keith Beech suffered conscious mental and physical pain and anguish from the time he was shot until the time of his death, said damages being recoverable by plaintiff herein via the survival action;

> B. Plaintiff Amanda Beech has suffered all losses caused by the wrongful death of Keith Beech including loss of Keith Beech's services, support and society; her own mental distress and anguish; and economic losses including loss of future income, wages, and earning capacity; loss of insurance and other fringe benefits; loss of pension, social security, and inheritance rights;

> C. Plaintiff Amanda Beech in her capacity as the tutrix, guardian of Baby John Jane Beech has suffered all losses caused by the wrongful death of Keith Beech including loss of Keith Beech's services, support and society; mental distress and anguish; and economic losses including loss of future income, wages, and earning capacity; loss of insurance and other fringe benefits; loss of pension, social security, and inheritance rights;

> D. Plaintiff Amanda Beech has suffered intense mental anguish and distress as the result of what appears to have been a wrongful cover-up of the true circumstances surrounding the death of her husband;

> E. Plaintiff Amanda Beech has suffered loss as the result of what appears to have been the intentional destruction of evidence (the hand gun) which would be relevant to this claim.

37. The exact amount of damages reasonably necessary to compensate plaintiff for the

injuries complained of herein is not fully known at this time but plaintiff believes that, after

discovery herein and a full review of evidence, the amount of damages due from defendant to

plaintiff Amanda Beech to compensate for the injuries complained of herein could be as high as

two million dollars ($2,000,000.00) and the amount of damages due from defendant to plaintiff

Amanda Beech in her capacity as the tutrix, guardian of Baby John Jane Beech could be as high

as two million dollars ($2,000,000.00).

38.  In addition, on information and belief, plaintiff would aver that defendant is liable for punitive damages herein inasmuch as, acting in the course and scope of their employment, defendant's employees acted with wanton, willful, reckless, and/or intentional disregard of plaintiff's rights.

## JURY TRIAL

39.  Plaintiff prays for a trial by jury on all issues herein.  Plaintiff further states that no reference to maritime jurisdiction or maritime law contained herein is intended to operate as a request for application of admiralty or maritime rules or a waiver of plaintiff's right to trial by jury.

## FULL DISCLOSURE REGARDING POSSIBLE HOMEOWNERS' CLAIM

40.  Plaintiff reaffirms and incorporates by reference all allegations previously set forth herein.

41.  In the interest of full and complete disclosure and to avoid any suggestion that plaintiff might be attempting to take inconsistent positions or mislead this Honorable Court or any other court or any interested party,  plaintiff will respectfully show the following.

42.  As set forth hereinabove, on information and belief, it is plaintiff's position that, at all pertinent times,  Mr. Cosenza and other Hercules employees acted in the course and scope of their employment such that defendant Hercules is liable for all claims and damages asserted herein.

43.  In informal communication with representatives of defendant herein, plaintiff has been informed that defendant's position is that Mr. Cosenza was acting without knowledge of defendant and Mr. Cosenza  was not in the course and scope of his employment at the time of the

10

events complained of herein.   Plaintiff has also been informed that defendant's position is,

further, that defendant has no responsibility whatsoever for the injuries complained of herein

such that Mr. Cosenza personally has sole and total responsibility for the injuries complained of

herein.

44.  Plaintiff does not believe that defendant's position is correct.

45.  However, in response to defendant's contentions, out of an excess of caution and to

protect plaintiff's rights and the rights of her unborn child in the event that defendant should

convince this Honorable Court and/or a jury empaneled by this Honorable Court that defendant's

position is correct, plaintiff feels compelled to assert a claim against Mr. Cosenza and his

homeowners' insurance company, possibly filing suit against same,  in order to interrupt the

applicable statute of limitations or prescriptive period and avoid any possible forfeiture of

plaintiff's rights.

46.  Plaintiff will again show that plaintiff does not intend to take inconsistent positions,

plaintiff does not intend to mislead this Honorable Court or any other court, plaintiff does not

intend to mislead any interested party, and plaintiff does not intend to seek to recover any amount

in excess of the amount reasonably due to plaintiff under applicable law.   Plaintiff intends to

inform Mr. Cosenza's homeowner's insurer of the pendency of this lawsuit and plaintiff intends

to provide defendant HERCULES and this Honorable Court of any pertinent information

concerning plaintiff's claim against Mr. Cosenza's homeowners' insurer.

WHEREFORE, Plaintiff Amanda Beech, individually and in her capacity as tutrix,

guardian of the unborn minor John Jane Beech, prays that,  after due proceedings had, there be

judgment in her favor and against defendant  HERCULES DRILLING COMPANY, LLC as

follows:

    I. Judgment in favor of plaintiff Amanda Beech individually in the amount of two million dollars ($2,000,000.00) or such other amount as may be shown to be reasonably due as compensation for the damages complained of herein;

    II. Judgment in favor of plaintiff Amanda Beech in her capacity as tutrix, guardian of the unborn in utero child John Jane Beech in the amount of two million dollars ($2,000,000.00) or such other amount as may be shown to be reasonably due as compensation for the damages complained of herein;

    III. Judgment in favor of plaintiff Amanda Beech individually and in her capacity as tutrix, guardian awarding such punitive damages as may be shown to be due based on the evidence to be presented at trial of this matter;

    IV. An award of all costs, interest as provided by law, and all other legal or equitable relief shown to be due herein;

    V. **AND FOR A TRIAL BY JURY ON ALL ISSUES HEREIN.**

Respectfully submitted this the ___20___ day of _January_, 2010.

BY AMANDA BEECH

_____
George W. Healy, IV (14991)

George W. Healy, IV & Associates
1323 28th Avenue, Suite A
Gulfport, MS 39501
228-575-4005

Please serve:
HERCULES DRILLING COMPANY, LLC
through its registered Agent:
CAPITOL CORPORATE SERVICES, INC.
8550 UNITED PLAZA BUILDING II, STE. 305
BATON ROUGE, LA 70809

<u>VERIFICATION</u>

STATE OF ___MS___
COUNTY/PARISH OF ___Forrest___

On this day, *AMANDA BEECH* appeared before me, the undersigned notary public, and after I administered an oath to *her*, upon *her* oath, *she* said *she* read the complaint, and the facts stated in it are within *her* personal knowledge and are true and correct.

*AMANDA BEECH*

SWORN TO and SUBSCRIBED before me by *name of AMANDA BEECH* on ___15th___ January 2010.

Notary Public in and for
the State of ___MS___