```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


   BEECH                                    CIVIL ACTION

   VERSUS                                   NO: 10-146

   HERCULES DRILLING COMPANY,               SECTION: J(2)
   L.L.C.
```

### ORDER AND REASONS

Before the Court are Plaintiff's **Motion to Amend or Modify Judgment to Include Fringe Benefits (Rec. Doc. 124)** and Defendant's **Memorandum in Opposition (Rec. Doc. 131)**.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393,

at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In the instant case, Plaintiff has not cited to any intervening change in the law since this Court's March 24, 2011,

Findings of Fact and Conclusions of Law (Rec. Doc. 122). Furthermore, Plaintiff has not pointed to any newly discovered evidence previously unavailable to it, nor has it clearly established either a manifest error of law or fact. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Amend or Modify Judgment to Include Fringe Benefits (Rec. Doc. 124)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of May, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE